```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

-----------------------------------------X

Madelyn Rodriguez,

                *Plaintiff*,

   -against-

Commissioner of Social Security,

                *Defendant*.

**MEMORANDUM AND ORDER**

21-cv-5936(KAM)

-----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff Madelyn Rodriguez ("Plaintiff") appeals the final decision of the Commissioner of the Social Security Administration ("Defendant"), which found that the Plaintiff was not disabled and thus not entitled to disability benefits under Title II of the Social Security Act (the "Act") or Supplemental Security Income ("SSI") under Title XVI of the Act.  Presently before the Court are Plaintiff's motion for judgment on the pleadings and the Commissioner's cross-motion for judgment on the pleadings.  For the reasons set forth below, Plaintiff's motion is **GRANTED**, the Defendant's motion is **DENIED,** and the case is **REMANDED** for further proceedings based on this Memorandum and Order.

## Background

    The parties have filed a joint statement of stipulated facts detailing Plaintiff's medical history and administrative hearing

testimony, which the Court has reviewed and incorporates by reference. The Court briefly recounts the facts relevant to the instant motions. (*See generally* ECF No. 15, Joint Stipulation of Facts.)

On January 29, 2019, Plaintiff filed an application for disability benefits and SSI, alleging disability since August 1, 2017. (ECF No. 16, Administrative Transcript ("Tr."), at 16.) Plaintiff claimed that she was disabled due to a back condition, sciatica, a left knee and left foot condition, and plantar fasciitis. (*Id*. at 62.) Her application was denied on March 18, 2019. (*Id*. at 69-70.)

On July 24, 2019, Plaintiff filed a written request for a hearing before an administrative law judge. (*Id*. at 170.) Administrative Law Judge M. Reeves (the "ALJ") held a hearing on February 24, 2020, during which Plaintiff appeared and testified. (*Id*. at 30.) By a decision dated May 29, 2020, the ALJ determined that Plaintiff was not disabled. (*Id*. at 13.) Plaintiff appealed the ALJ's decision to the Appeals Council. (*Id*. at 201.) On July 9, 2021, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner. (*Id*. at 4.) This appeal followed. (ECF No. 1, Complaint; ECF Nos. 13, Motion for Judgment on the Pleadings; 13-1, Memorandum in Support, ("Pl. Mem."); ECF Nos. 17, Cross Motion for Judgment on the Pleadings; 17-1, Memorandum in Support, ("Def. Mem.").)

2

## Legal Standard

### I. Standard of Review

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla," and must be relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (citing *Richardson v. Perales*, 420 U.S. 389, 401 (1971) (internal quotation marks omitted)).

If there is substantial evidence in the record to support the Commissioner's factual findings, those findings must be upheld. 42 U.S.C. § 405(g). Inquiry into legal error requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purpose of the [Social Security] Act." *Moran v. Astrue*, 569 F.3d

3

108, 112 (2d Cir. 2009) (citation omitted). The reviewing court does not have the authority to conduct a *de novo* review and may not substitute its own judgment for that of the ALJ, even when it might have justifiably reached a different result. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

Lastly, federal regulations explicitly authorize a court, upon reviewing decisions of the Commissioner, to order further proceedings when appropriate. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is warranted where "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks omitted)). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts*, 94 F.3d at 39. Moreover, if the record before the court provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the court may reverse and remand solely for the calculation and payment of benefits. *See, e.g., Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013).

4

## II. Determination of Disability

To receive disability benefits, a claimant must be "disabled" within the meaning of the Act. *See* 42 U.S.C. §§ 423(a), (d). A claimant qualifies as disabled under the Act when he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at § 423(d)(1)(A). The impairment must be of "such severity" that the claimant is unable to do his previous work or engage in any other kind of substantial gainful work which exists in the national economy. *Id.* at § 423(d)(2)(A). "The Commissioner must consider the following in determining a claimant's entitlement to benefits: '(1) the objective medical facts [and clinical findings]; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability . . . ; and (4) the claimant's educational background, age, and work experience.'" *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 262 (E.D.N.Y. 2001) (quoting *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (alterations in original)).

Pursuant to the regulations promulgated by the Commissioner, a five-step sequential evaluation is used to determine whether the claimant's condition meets the Act's definition of disability. *See* 20 C.F.R. § 404.1520. This process is essentially as follows:

5

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Burgess*, 537 F.3d at 120 (internal quotation marks and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

During this five-step process, the Commissioner must consider whether the combined effect of all the claimant's impairments, including those that are not severe (as defined by the regulations), would be of sufficient severity to establish eligibility for Social Security benefits. 20 C.F.R. §§ 404.1523, 404.1545(a)(2). At steps one through four of the sequential five-step framework, the claimant bears the "general burden of proving . . . disability." *Burgess*, 537 F3.d at 128. At step five, the burden shifts from the claimant to the Commissioner, requiring that the Commissioner show that, in light of the claimant's residual functional capacity ("RFC"), age, education, and work experience, the claimant is "able to engage in gainful employment within the national economy." *Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y. 1997).

## Discussion

**I.    The ALJ's Disability Determination**

6

Using the five-step sequential process, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2017. (Tr. at 19.) At step two, the ALJ determined that Plaintiff suffered from sciatica, arthritis of the left knee, obesity, and left foot plantar fasciitis. (*Id.*)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.*) Specifically, the ALJ found that the record did not establish that Plaintiff had a "gross anatomical deformity" because there was no imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints under Listing 1.02; the record also did not show nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication under Listing 1.04. (*Id.*)

Regarding Plaintiff's RFC, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined by 20 C.F.R § 404.1567(a), except with the limitation that Plaintiff must be able to sit and stand at will. (*Id.* at 20.) In determining that Plaintiff had the RFC to perform sedentary work with a sit/stand limitation, the ALJ relied on Plaintiff's hearing testimony and medical records,

7

which included hospital records, the consultative examination report of Dr. Chaim Shtock, and the records of Dr. Mancuso, Plaintiff's treating orthopedic surgeon, Dr. Lora Slabodkina, Plaintiff's treating internist, Dr. Vellore Padmanabhan, Plaintiff's treating cardiologist, and Dr. Leon Stepensky, Plaintiff's treating podiatrist. (*Id.* at 21-22.)

Finally, at steps four and five, the ALJ found, based on Plaintiff's RFC, that she could perform her past sedentary work as an administrative clerk and that jobs existed in the national economy that Plaintiff could perform. (*Id.* at 23.) In arriving at this conclusion, the ALJ relied on the testimony of a vocational expert ("VE"); the VE testified that Plaintiff retained the RFC to perform the sedentary functional demands and job duties of a telephone solicitor, food checker, and a cutter and paster of press clipping. (*Id.* at 24.) Accordingly, the ALJ found that Plaintiff was not "disabled" within the meaning of the Act and thus not entitled to disability benefits.

## II. Plaintiff's Ability to Perform Relevant Work

Plaintiff argues that the ALJ's finding that Plaintiff can return to past work or perform other jobs in the national economy is not supported by substantial evidence.[1]

---

[1] Plaintiff frames her appeal as based on alleged violations of SSR 00-4p, rather than as a challenge to substantial evidence. (Pl. Mem. at 8-10.) Courts, however, have found that arguments based on alleged SSR 00-4p violations challenge whether an ALJ's decision at the fifth step was based on substantial evidence. *See Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91 (2d Cir.

8

SSR 00-4p creates an "affirmative responsibility" for an ALJ to ask the VE about "any possible conflict" between the VE's testimony and the Dictionary of Occupational Titles ("DOT") before relying on VE testimony about possible jobs that fit a claimant's RFC determination.  SSR 00-4p, 2000 WL 1898704, at *4 (2000); *Daragjati v. Colvin*, No. 14-cv-2727 (BMC), 2015 WL 427944, at *10 (E.D.N.Y. Jan. 31, 2015) ("SSR 00-4p is written in mandatory language, and the majority of decisions in this Circuit apply it according to the way it is written." (citations omitted)).  If the ALJ discovers that there is an "apparent unresolved conflict" between the VE's testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information."  SSR 00-4p, 2000 WL 1898704, at *2.  Violations of SSR 00-4p occur when the ALJ fails to ask the VE whether his or her testimony conflicts with the DOT; courts, however, apply a "harmless error" standard where there is no apparent conflict or if the conflict was adequately resolved. *See Massachi v. Astrue*, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007) (noting that the ALJ's failure to follow the procedural

---

2019); *Diaz v. Astrue*, No. 3:11-cv-317 (VLB), 2012 WL 3854958, at *4 (D. Conn. Sept. 5, 2012) ("Reviewing courts have applied SSR 00-4p and held that the Commissioner did not produce substantial evidence that there are jobs in the national economy when the ALJ fails to inquire about an 'apparent unresolved conflict' between the VE's testimony and the DOT." (citations omitted)).

9

requirements of SSR 00-4p "could have been harmless, were there no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts[.]"); *Coleman v. Astrue*, 269 F. App'x 596, 602 (7th Cir. 2008) (summary order) (finding harmless error where sufficient occupations remained available to claimant even after subtracting an identified occupation described by the VE in a manner that conflicted with the DOT); *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (finding harmless error where there was no actual conflict between identified occupations and the claimant's RFC); *Diaz v. Astrue*, No. 3:11-cv-317 (VLB), 2012 WL 3854958, at *5 (D. Conn. Sept. 5, 2012).

Plaintiff contends that the ALJ violated SSR 00-4p because the ALJ failed to ask about, identify, or resolve an apparent conflict between (1) the testimony of the VE that certain identified sedentary occupations could accommodate a sit/stand option, and (2) the requirements of sedentary work as defined by DOT, which Plaintiff asserts does not allow for a sit/stand limitation. (Pl. Mem. at 10.) As a result of the ALJ's alleged failure to follow the SSR 00-4p's requirements, Plaintiff argues that the ALJ did not properly resolve whether the occupations

identified by the VE support the sit/stand option required by Plaintiff's RFC.[2] (*Id.*)

Here, the ALJ did not ask the VE whether there was a conflict with the DOT. (Tr. at 56-59.) Accordingly, the ALJ violated SSR 00-4p. *See Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91 (2d Cir. 2019) ("[SSR 00-4p] tasks the Commissioner with an affirmative responsibility to ask about any possible conflict[.]" (internal citation, quotation omitted)). As noted above, however, violations of SSR 00-4p may amount to "harmless error" if there is no apparent conflict or if the conflict is resolved. *See, e.g.*, *Massachi*, 486 F.3d at 1154 n.19; *Coleman*, 269 F. App'x at 602. Plaintiff asserts that there *was* an apparent conflict – that DOT's definition of "sedentary" work conflicts with the VE's testimony

---

[2] Plaintiff also argues that other regulations, SSR 96-9 and SSR 83-12, support her contention that the DOT's definition of sedentary work does not allow for a sit/stand option. SSR 96-9 and SSR 83-12 both note that sit/stand limitations may affect which unskilled sedentary jobs claimants can perform, and instruct ALJs to consult a VE if the claimant's RFC requires a sit/stand option. SSR 96-9p, 1996 WL 374185, at *6-7 (1996); SSR 83-12, 1983-1991 Soc.Sec.Rep.Serv. 36, 1983 WL 31253, at *4 (1983). This Court finds that SSR 96-9 and SSR 83-12 do not necessarily preclude an RFC finding of sedentary work for those who require a sit/stand option, as long as the ALJ consults with a VE concerning the specific sit/stand limitation. *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) ("[T]he category of sedentary jobs is large, and the general definition allows of exceptions. Accordingly, '[i]n more complex cases' a vocational expert may be consulted to determine whether there is other work in the national economy that an individual with the ability to do less than the full range of sedentary work may perform.") (quoting SSR 96-9p, 1996 WL 374185, at *9); *see also Moore v. Apfel,* 216 F.3d 864, 871 (9th Cir. 2000) ("SSR 83-12 does not mandate a finding of 'disabled.' Instead, [SSR 83—12] *mandates* the use of a VE . . . ." (emphasis added)). SSR 96-9 and SSR 83-12 direct an ALJ to speak with a VE if a claimant requires a sit/stand option, which the ALJ did here. Nevertheless, the ALJ's consultation with a VE regarding the sit/stand option generally does not satisfy the ALJ's obligation under SSR 00-4P to ask about, identify, or resolve apparent conflicts between the VE's testimony and the DOT.

11

that the identified jobs could be performed with a sit/stand option. (*See* Pl. Mem. at 6, 9.) Defendant counters that VE testimony regarding a sit/stand option cannot create an apparent conflict with the DOT because the DOT is silent about a sit/stand option. (Def. Mem. at 4.)

The DOT's definition of sedentary work does not explicitly mention whether sedentary work allows claimants to sit and stand at times of their own choosing (i.e., whether sedentary work accommodates a sit/stand option). Instead, the DOT defines "sedentary" work as jobs in which "walking and standing are required only occasionally." U.S. Dep't of Labor, *Dictionary of Occupational Titles*, App. C (4th ed. 1991). It defines the word "occasionally" as a condition that exists up to one-third of the time. *Id.*

The Second Circuit has not yet decided whether the DOT's silence on a sit/stand option within the definition of sedentary work creates an apparent conflict with VE testimony concerning sedentary occupations.[3] There is a split among the circuit courts that have addressed this issue.

---

[3] Defendant cites two cases in which the Second Circuit affirmed an ALJ's decision to deny benefits based on the ALJ's finding that the claimant's RFC allowed sedentary work with an exception for a sit/stand option. (Def. Mem. at 5.); *Tricarico v. Colvin*, 681 F. App'x 98 (2d Cir. 2017) (summary order); *Pellam v. Astrue*, 508 F. App'x 87 (2d Cir. 2013) (summary order). In neither case, however, did the district court or the Second Circuit evaluate whether the ALJ failed to resolve an apparent conflict with the DOT, as relevant here.

The Seventh Circuit has held that "[b]ecause the DOT does not address the subject of sit/stand options, it is not apparent that the testimony conflicts with the DOT." *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008). District courts within the Second Circuit have reached the same conclusion. *Wellington v. Astrue*, No. 12-cv-3523, 2013 WL 1944472, at *4 (S.D.N.Y. May 9, 2013) ("Because the DOT does not address the availability of a sit/stand option, it cannot contradict the vocational expert's testimony which endorsed such an option."); *see also Moslow v. Berryhill*, No. 1:16-cv-00198 (MAT), 2019 WL 1508045, at *5 (W.D.N.Y. Apr. 4, 2019); *Pitts v. Colvin*, No. 14-cv-317S, 2015 WL 3823781, at *6 (W.D.N.Y. June 19, 2015); *Pahl v. Colvin*, No. 12-cv-3168, 2013 WL 3761545, at *6 (W.D.N.Y. July 16, 2013)).

By contrast, the Ninth Circuit and Third Circuit have found that a VE's testimony about a sit/stand option *can* present an apparent conflict with the DOT. In *Coleman v. Astrue*, the Ninth Circuit decided that many "sedentary" jobs could not accommodate a sit/stand option, and that the VE's testimony was too brief and uninformed to reconcile the conflict. 423 F. App'x 754, 756 (9th Cir. 2011). In *Boone v. Barnhart*, the Third Circuit remanded an ALJ's decision to give a claimant who could perform "light work" a sit/stand option. 353 F.3d 203, 211 (3d Cir. 2003). There, the Third Circuit found that the jobs that the VE identified as being available to a claimant who could perform "light work" required

13

standing or walking "throughout the shift," rather than providing claimants with the opportunity to sit or stand at will. *Id*. at 207-08. Some courts within the Second Circuit have held similarly. *See Gallegos v. Colvin*, No. 3:13-cv-393 (JBA), 2014 WL 4635418, at *5 (D. Conn. Sept. 11, 2014) (holding that sit/stand options are inconsistent with the DOT's definition of sedentary work and that the ALJ must therefore provide a "reasonable explanation" for the conflict before deviating from the DOT).

This Court finds that including the sit/stand limitation in Plaintiff's RFC presented an apparent conflict with the DOT's definition of sedentary work. The Second Circuit has noted that the definition of an "apparent conflict" encompasses conflicts which "seem[] real or true, but are not necessarily so." *Lockwood*, 914 F.3d at 93 (quoting *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)). "[SSR 00-4p] mandates that whenever the Commissioner intends to rely on a vocational expert's testimony, she must identify and inquire into all those areas where the expert's testimony *seems to* conflict with the [*DOT*]." *Id*. at 92 (emphasis in original) (alterations, internal quotation and citation omitted).

The sit/stand option "seems to" conflict with the DOT's definition of sedentary work. The DOT defines sedentary work as including the possibility of standing or walking for up to one third of the workday. A sit/stand option in an RFC, however, means

14

that a claimant must be able to choose when to sit and when to stand, *at will*. (Pl. Mem. at 10.) Therefore, Plaintiff must be able to choose any time she needs to sit, stand, or walk, even if the total time spent in any of those positions is different than the DOT's fractional breakdown into thirds, in which claimants performing sedentary work must be able to sit for two-thirds of the workday, and stand or walk for one-third of the workday. For example, there may be days when Plaintiff's pain only allows her to stand or walk for a total of one hour per day, even though her "sedentary" job requires her to stand or walk for two hours per day (which is less than one-third of the workday). A sit/stand option would permit Plaintiff to stand or walk for just one hour per day; it is not clear, however, that all "sedentary work" (or the three specific sedentary occupations identified by the VE) would allow Plaintiff to choose to stand or walk for one hour per day.[4] Accordingly, an apparent conflict exists with the sit/stand option.

The VE's testimony did not resolve this apparent conflict. When the ALJ asked if a claimant could sit/stand at will in the occupations identified by the VE, the VE answered "yes," but

---

[4] Defendant points out that Plaintiff testified that she could sit for two hours before needing to stand up and could subsequently sit again (though not without discomfort). (Def. Mem. at 6, n.2.) But when evaluating how long a claimant can stand or walk for, "we are hardly dealing with precise numbers." *See Daragjati*, 2015 WL 427944, at *10. The ALJ here determined that Plaintiff required a sit/stand option, and this Court does not review that determination.

15

provided no further explanation. (Tr. at 58-59.) This cursory and nonspecific testimony does not satisfy this Court that the ALJ resolved the apparent conflict. *See Pearson v. Colvin*, 810 F.3d 204, 208 (4th Cir. 2015) ("[A]n ALJ has not fulfilled his affirmative duty 'merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [*Dictionary*].'" (citations omitted)). SSR 00-4p provides that "reasonable explanations" for conflicts can include the use of information from "reliable publications, information obtained directly from employers, or from a VE's . . . experience in job placement or career counseling." SSR 00-4p, 2000 WL 1898704, at *2-3; *see also Murray*, 2016 WL 5335545, at *13 (explaining that where the VE acknowledges the inconsistency between the sit/stand option and the DOT, but nevertheless testifies based on their knowledge and experience that an occupation would permit the claimant to alternate between sitting and standing, any potential conflict is resolved). The VE here did not acknowledge the fact that the DOT is silent on a sit/stand option, nor did the VE provide any explanations for the inconsistency.

As a result of the ALJ's failure to inquire about, identify, and resolve the apparent conflict, this Court is now left to speculate as to whether the occupational base identified by the VE truly accommodates a sit/stand option. *Lockwood*, 914 F.3d at 93 (2d Cir. 2019) ("But while this Court could guess what the three

16

jobs . . . identified require in reality . . . [,][t]he importance of . . . such details is precisely why the Commissioner bears an affirmative responsibility to ask about *any possible conflict* between vocational expert evidence and information provided in the *Dictionary*." (citations and internal quotations omitted)).  The Commissioner bears the burden of proof at the fifth step of the evaluation process.  *See Daragjati*, 2015 WL 427944, at *11.  Accordingly, the ALJ's failure to abide by the procedural requirements of SSR 00-4p – by failing to fulfill its affirmative duty to identify and resolve the apparent conflict – leaves the Court unable to determine whether the ALJ's findings at step five were supported by substantial evidence, and the Court must remand for further proceedings.

## CONCLUSION

For the forgoing reasons, the Plaintiff's motion is **GRANTED**, the Defendant's motion is **DENIED**, and this case is **REMANDED** for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**
Dated:   August 7, 2023
         Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

17